UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PATRICK DONOHUE, as Parent and Natural Guardian of S.J.D., and PATRICK DONOHUE, Individually,

Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION and NEW YORK STATE EDUCATION DEPARTMENT

Defendants.
--------------------------------------------------------------x

**VERIFIED AMENDED COMPLAINT**

18:CV:9364 (DAB)

Patrick Donohue, by his Counsel Brain Injury Rights Group, as and for his Amended Complaint, duly alleges as follows:

Preliminary Statement

1. As set forth herein and in the attached affirmations and memorandum of law,[1] Plaintiffs are entitled to an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining the impartial hearing in IHO Case No. 175162 from occurring on October 16, 2018. In essence, all plaintiffs seek is an adjournment of the aforementioned hearing so that concerns over plaintiffs' due process rights being violated by defendants, as set forth herein and in the attached motion papers, can be addressed and resolved by this Court before irreparable harm is done to plaintiffs.

Jurisdiction

2. Plaintiffs invoke the federal jurisdiction of this Court, as this controversy raises a federal question under 20 U.S.C. § 1415(j) of the Individuals with Disabilities Education Act ("IDEA"), the Americans with Disabilities Act ("ADA"), and the Due Process Clauses of the Fifth and

[1] Attached hereto are the Affirmation of Patrick Donohue, Affirmation of Moshe Indig, and Order to Show Cause, submitted herewith in support of Plaintiffs' application for an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order.

Fourteenth Amendments to the United States Constitution.

3. All administrative remedies for this controversy have been exhausted.[2]

4. The IDEA's due process procedures have proven futile.

5. Adequate relief cannot be obtained by further pursuing administrative remedies.

Supplemental Jurisdiction

6. Plaintiffs invoke the supplemental jurisdiction of this Court under New York Education Law § 4404(4).

Venue

7. Venue is proper as defendants maintain offices and do business in Manhattan.

Parties

8. Plaintiff Patrick Donohue is Founder and Chairman of a non-profit civil rights advocacy organization, Brain Injury Rights Group; Founder and Chairman of a non-profit private special education program, International Institute for the Brain ("iBRAIN"); and most importantly, the father and natural guardian of S.J.D.

9. Plaintiff S.J.D. is a minor whose education falls within the jurisdiction of both defendant New York City Department of Education and defendant New York State Education Department.

10. Defendant New York City Department of Education ("DOE") is a governmental body organized under the laws of the City and State of New York. DOE is responsible for the public education of all school-age children within the City of New York, such as S.J.D.

11. Defendant New York State Education Department ("NYSED") is a governmental body organized under the laws of the State of New York. NYSED is responsible for the public

[2] Plaintiffs assert that, while they have exhausted administrative remedies through their communications with the Office of State Review ("OSR"), exhaustion was not required in this matter, as resorting to the IDEA's due process procedures proved futile and adequate relief cannot be obtained by pursuing administrative remedies. See, e.g., Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 297 F.3d 195, 199 (2d Cir. 2002).

education of all school-age children within the State of New York, such as S.J.D.

Facts and Procedural History

12. S.J.D. is a 13-year-old girl who was violently shaken by her baby nurse when she was only five days old, breaking four ribs, both collarbones, and causing a severe brain injury. She has global developmental impairments, which adversely affect her educational abilities and performance. S.J.D. is non-verbal and non-ambulatory, has highly-intensive management needs, and requires a high degree of individualized attention and intervention.

13. On July 9, 2018, Plaintiffs filed a petition known as a Due Process Complaint with the DOE's Impartial Hearing Office, alleging various due process related violations with respect to the DOE's denial of a Free and Appropriate Public Education ("FAPE") to S.J.D. As part of the Due Process Complaint, Plaintiffs asserted S.J.D.'s right to pendency, essentially, S.J.D.'s entitlement to maintain the status quo of her education during the pendency of the adjudication of the Due Process Complaint under 20 U.S.C. § 1415(j) and NY Educ. L. 4404(4). Plaintiffs asserted that S.J.D. was entitled to such pendency at the International Institute for the Brain ("iBRAIN"), a specialized private school for children who suffer from brain injuries or brain-based disorders. Plaintiffs' Counsel prepared a memorandum on law, detailing the relevant law on this issue. See Parent's Memorandum of Law in Support of Order of Petition for Order on Pendency, attached as Ex. A.

14. As part of the adjudication of S.J.D.'s pendency petition, on September 6, 2018, Plaintiffs, through Counsel, appeared before Impartial Hearing Officer ("IHO") Michael Kennedy Lloyd for what was supposed to be an impartial pendency hearing on the merits of their petition. A hearing occurred, but it was far from impartial. Several times during the pendency hearing, IHO Lloyd displayed a significant appearance of bias toward both Mr. Donohue and

Counsel. Among other things, he issued one-sided rulings where he considered irrelevant prejudicial evidence set forth by the DOE against Plaintiffs but refused to consider specific rebuttal evidence from Plaintiffs' Counsel.

15. As a result of this, Plaintiffs requested that IHO Lloyd recuse himself from this case to ensure S.J.D. would be provided with a fair hearing. See Ex. A at 8-12.

16. On October 4, 2018, IHO Lloyd issued an Interim Order on Pendency on specious grounds, denying S.J.D. pendency relief at iBRAIN and ruling that Plaintiffs had failed to prove a non-existent legal requirement as the basis for denial. Moreover, in his order, IHO Lloyd further evidenced bias when he relied on an unadmitted exhibit in forming his opinion on the merits of the case further demonstrates his bias toward Parent. See Interim Order on Pendency, attached as Ex. B, at p. 3.

17. Following the pendency hearing, an impartial hearing was scheduled for October 16, 2018, and, in the interim, IHO Lloyd held two prehearing conferences with plaintiffs and DOE, one that occurred on October 9, 2018 and another that occurred on October 10, 2018.

18. During the first prehearing conference on October 9, 2018, IHO Lloyd ruled that he would grant Plaintiffs' request for an open hearing[3] but had to locate a forum for such a hearing to occur. In addition, IHO Lloyd ruled that, while he would allow print media to attend the hearing, he was prohibiting audio-visual media from attending. He did not cite to any specific state or federal regulation to support such prohibition. IHO Lloyd also issued rulings regarding disclosure of evidence and issuance of subpoenas.

19. The second prehearing conference occurred on October 10, 2018 and was initiated by an

[3] Plaintiffs had requested, in an email requesting the first prehearing call, that the open hearing be held at a forum that can accommodate 100-200 people—the impartial hearing's expected attendance. Plaintiffs also requested an open hearing their July 9, 2018 Due Process Complaint. Parent is legally entitled to an open hearing per 8 NYCRR § 200.5(j).

impromptu telephone call by IHO Lloyd to Plaintiffs' counsel without any prior notice. IHO Lloyd held the conference off-the-record, in contravention of procedural and ethical rules of the Impartial Hearing Office, despite several objections by Plaintiffs' counsel. This off-the-record prehearing conference was both highly unusual and highly prejudicial to Plaintiffs' due process rights and interests as litigants.

20. During the conference call, which Plaintiffs' Counsel memorialized, see Memorialization of October 10, 2018 Off-the-Record Conference Call, attached as Ex. C, IHO Lloyd addressed several issues, including (1) Plaintiffs' request for IHO Lloyd recusal to enable S.J.D. to have a fair and unbiased hearing, (2) Plaintiffs' request that audio-visual media be permitted to attend the impartial hearing to ensure full transparency of the proceedings, and (3) Plaintiffs' request for an adjournment to provide time to resolve the many unaddressed procedural issues.

21. IHO Lloyd denied Plaintiffs' request for his recusal despite his readily apparent bias toward Mr. Donohue and Counsel. Additionally, he denied Plaintiffs' request for audio-visual media at the hearing, thereby rejecting Plaintiffs' plea for full transparency. Finally, he rejected Plaintiffs' adjournment request, thereby precluding Plaintiffs' from exercising their legal rights to ensure the hearing is conducted in a manner that prevents the IHO from steering the proceedings toward a predetermined outcome. IHO Lloyd did not provide any reason for denying the request for recusal or for denying the adjournment request, and he cited to no specific law in support of his denial of Plaintiffs' request for audio-visual media at the impartial hearing.

22. After Plaintiffs objected to IHO Lloyd's rulings, IHO Lloyd told Plaintiffs that they can object at the hearing. Of course, an objection at the hearing would leave Plaintiffs with no means to appeal his decisions regarding the open hearing and audio-visual media, as while these issues harm the interests of Plaintiffs, they may not be considered "reversible error" by a court, which

means Plaintiffs will suffer irreparable harm with no recourse.

23. On October 11, 2018, Plaintiffs filed a memorandum of law in support of their request for audio-visual media at the impartial hearing. See Memorandum of Law in Support of Request Permitting Audio-Visual Recording and/or Broadcasting of S.[J.]D.'s October 16, 2018 Impartial Hearing, attached as Ex. D. IHO Lloyd has not yet ruled on that formalized request and it is unclear if he intends to.

24. It should be noted that, while IHO Lloyd claims that the provision of a room with significantly limited capacity is enough to satisfy the requirements for an open hearing, such a conclusion cannot reasonably apply in this case. S.J.D. is a young girl confined to a wheelchair as are all of her classmates. In providing an undersized room on the top floor of a crowded building, IHO Lloyd and the DOE are effectively excluding the vast majority of S.J.D.'s classmates from attending the hearing, as they would not be able to attend without creating a fire hazard both in the room and in the hallway outside the room. In theory, an open hearing would be defined as a hearing where any interested individual may observe the impartial hearing. IHO Lloyd's rulings are squarely at odds with such a definition. While an open hearing may not need to provide unlimited space, it surely must provide a forum where S.J.D.'s classmates can attend and show their support without endangering themselves and those around them. In short, the October 16, 2018 impartial hearing should be adjourned so that a full hearing before this Federal Court may be held, in order for the parties to present their respective positions and to obtain some clarity on what it means for a hearing to be open in this context. As the right to an open hearing is rooted in federal statutory law, see 34 CFR 300.508(b), this issue has important due process implications, not only for S.J.D., but for all similarly-situated disabled students.

25. From Plaintiffs' vantage point, a hearing at a forum—which curtails access to the hearing

room to such a degree that the room cannot accommodate the attendance of a reasonable number of individuals with similar disabilities to the young girl who is at the center of the underlying litigation—is effectively the denial of an open hearing.

26. What is more, this concern for the rights of these disabled individuals would most likely have been remedied had IHO Lloyd simply permitted audio-visual media to attend the impartial hearing, as an argument could be made that providing such individuals with an alternative, although not ideal, way to view the hearing would mitigate their inability to attend in person. However, IHO Lloyd arbitrarily and capriciously prohibited such attendance.

27. Viewed in their entirety, IHO Lloyd's actions—from those at the pendency hearing to during both prehearing conference calls—have not only prejudiced Mr. Donohue and Counsel but also S.J.D. and her similarly-disabled classmates.

28. On October 12, 2018, Mr. Donohue submitted a NYC Administrative Law Judge Complaint Form against IHO Lloyd, in which he outlined, among other things, IHO Lloyd's bias toward himself and Counsel.

Cause of Action

29. Plaintiffs are entitled to an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining the impartial hearing in IHO Case No. 175162 from occurring on October 16, 2018.

30. Plaintiffs assert that before the impartial hearing moves forward, this Court must address the question of whether Plaintiffs' right to an open hearing is violated where the forum at issue cannot accommodate the attendance of a reasonable number of disabled individuals confined to wheelchairs.

31. For Plaintiffs to prevail on this motion, they must demonstrate that: (1) there is a

substantial likelihood that they would prove at a full hearing on the issue of adjournment that adjournment is warranted; (2) without an adjournment, they would suffer irreparable harm; (3) the potential harm to them outweighs any possible harm to Defendants; and (4) an injunction would be in the public's interest. The fourth item is not always required.

32. If the impartial hearing continues as planned on October 16, 2018, Plaintiffs will be irreparably harmed, as their due process right to an open hearing—which is important to publicize the plight of S.J.D. and other students like her with brain injuries—will be violated and they will not have any appellate recourse.

33. Neither the DOE nor the NYSED will be harmed by an adjournment of this matter, as IHO Lloyd did not grant S.J.D. pendency at the school she currently attends, and all of the DOE's and NYSED's defenses will be preserved in the event of an adjournment, as this due process issue will not likely be deemed a source of reversible error.

34. Granting Plaintiffs a temporary restraining order is in the public's interest, as IHO Lloyd's refusal to provide an open hearing that can accommodate a reasonable number of wheelchair-confined individuals prevents the class of individuals who are most interested in the hearing, in light of the fact that S.J.D.'s plight is one that thousands of similarly-disabled children in New York and across the country face every day.

35. Plaintiffs have exhausted all other avenues of relief prior to coming before this Court. In addition to making the request to IHO Lloyd, Plaintiffs' Counsel contacted the State Review Office, the New York State Education Department Appeals Office, and the Impartial Hearing Office. Additionally, Plaintiffs' Counsel communicated directly with Ms. Tina Orbetas in the New York State Education Department Appeals Office; Ms. Cathryn Tisenchek, Supervisor in the Due Process Unit of the New York State Education Department, Office of Special Education;

and Ms. Adrianna Torres, Case Manager in the Impartial Hearing Office.

36. For the aforementioned reasons, Plaintiffs respectfully request that their application for an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining the impartial hearing in the above-captioned matter from occurring on October 16, 2018 be granted.

37. On October 15, 2018, prior notice of this application was given to Defendants via email.

38. This is a Verified Amended Complaint and request for an Order to Show Cause, which was originally filed, but not adjudicated, on October 12, 2018.

WHEREFORE, it is respectfully requested that an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order enjoining the impartial hearing in the above-captioned matter from occurring on October 16, 2018 be issued, and for further and different relief as this Court deems just and proper.

Dated: October 15, 2018

Moshe Indig, Esq.
Brain Injury Rights Group
Attorneys for Plaintiff
50 W. 97th St., Suite 1E
New York, NY 10025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

PATRICK DONOHUE, as Parent and Natural Guardian of S.J.D., and PATRICK DONOHUE, Individually,

Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION and NEW YORK STATE EDUCATION DEPARTMENT

Defendants.

----------------------------------------------------------------x

**VERIFICATION OF AMENDED COMPLAINT**

18:CV:9364 (DAB)

STATE OF NEW YORK )

) ss.:

COUNTY OF NEW YORK )

Patrick Donohue, being duly sworn, deposes and says that I am one of the plaintiffs in the above-captioned case and I have authorized the filing of this Amended Complaint. I have reviewed the allegations made therein, and to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which I do not have personal knowledge, I rely on the Exhibits attached to the Amended Complaint and I believe them to be true.

Patrick Donohue, Esq.

Sworn to me this 15th day of October, 2018.

Notary Public

ORAMIL RODRIGUEZ
Notary Public - State of New York
NO. 01RO6342947
Qualified in New York County
My Commission Expires May 31, 2020